# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| SHAOPING LIU, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 10-cv-2823 |
| ) | |
| U.S. DEPARTMENT OF HOMELAND ) | Judge Robert M. Dow, Jr. |
| SECURITY; U.S. CITIZENSHIP AND ) | |
| IMMIGRATION SERVICES; DONALD P. ) | |
| FERGUSON, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Shaoping Liu ("Plaintiff") filed a complaint in May 2009 against Defendants U.S. Department of Homeland Security ("DHS"), U.S. Citizenship and Immigration Services ("USCIS"), and USCIS Field Office Director Donald P. Ferguson (collectively, "Defendants") seeking judicial review of Defendants' denial of her naturalization application and commencement of removal proceedings against Plaintiff. Before the Court is Defendants' motion to dismiss [13] under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) for lack of subject matter jurisdiction and failure to state a claim, respectively. For the reasons below, the Court grants Defendants' motion [13] and dismisses Plaintiff's complaint without prejudice.

**I.   Background**

Plaintiff, a Chinese national, became a lawful permanent resident of the United States on May 20, 2004. She filed an application for naturalization with USCIS on March 26, 2007, and subsequently appeared for two interviews with USCIS pursuant to her application. On April 25, 2008, USCIS Field Office Director Donald P. Ferguson issued a decision denying Plaintiff's

application for naturalization on the ground that she had entered into her marriage to a U.S. citizen and former Catholic priest for immigration purposes. Ferguson determined that she had thereby committed a fraud upon USCIS, was inadmissible at the time of her entry or admission to the United States under § 212(a)(6)(C)(i) of the Immigration and Nationality Act ("INA") (codified as 8 U.S.C. § 1182(a)(6)(C)(i)),[1] and was removable under INA § 237(a)(1)(A) (codified as 8 U.S.C. § 1227(a)(1)(A)).[2]

Plaintiff timely filed an administrative appeal of the denial of her naturalization application pursuant to 8 U.S.C. § 1447(a). An initial hearing on the appeal was held on October 20, 2008, and Plaintiff and her spouse both appeared for a subsequent interview at the request of USCIS on April 21, 2009. On May 4, 2009, Director Ferguson issued a decision to *sustain* Plaintiff's appeal and to reopen and reconsider the determination of her naturalization application. However, on the very same day, USCIS issued a Notice to Appear in immigration court for removal proceedings on the grounds that Plaintiff violated 8 U.S.C. §§ 1182(a)(6)(C)(i) and was thus removable under 8 U.S.C. § 1227(a)(1)(A). Also on May 4, Ferguson issued an amended decision that *affirmed* the initial denial of Plaintiff's naturalization application on the

---

[1] Section 1182(a)(6)(C)(i) provides that "[a]ny alien who, by fraud or willfully misrepresenting a material fact, seeks to procure (or has sought to procure or has procured) a visa, other documentation, or admission into the United States or other benefit provided under this chapter is inadmissible." 8 U.S.C. § 1182(a)(6)(C)(i).

[2] Section 1227(a)(1)(A) provides that "[a]ny alien * * * in and admitted to the United States shall, upon the order of the Attorney general, be removed if the alien * * * at the time of entry or adjustment of status was within one or more of the classes of aliens inadmissible by the law existing at such time * * *." 8 U.S.C. § 1127(a)(1)(A).

new ground that her application for naturalization could not be approved during pendency of the removal proceedings against her, pursuant to 8 U.S.C. § 1429.[3]

Plaintiff repeatedly requested a prompt hearing on the Notice to Appear before the immigration court but was denied each time, allegedly because USCIS never transferred her case file to the immigration court. On May 28, 2009, Plaintiff filed an administrative appeal of USCIS's May 4, 2009, amended decision denying her naturalization application. She obtained a hearing on August 31, 2009. USCIS has not issued a decision pursuant to that hearing, and the administrative appeal remains pending.

On May 6, 2010, Plaintiff filed the instant complaint. [1] Plaintiff alleges that USCIS unreasonably delayed her removal proceedings by failing to send her case file to the immigration court. Plaintiff also alleges that (1) USCIS's issuance of the Notice to Appear was frivolous; (2) the allegations and charges in the Notice are false; and (3) the removal proceedings were commenced "due to the personal and institutional religious biases of certain officers and the agency itself." [1, at 3]. Plaintiff requests relief in the form of an order directing USCIS to (1) vacate the Notice to Appear, (2) approve her naturalization application, and (3) pay legal fees and costs. Defendants have moved to dismiss Plaintiff's complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), and for failure to state a claim under Rule 12(b)(6). [13]

## II. Legal Standard

The purpose of a Rule 12(b) motion to dismiss is not to decide the merits of the case. A Rule 12(b)(6) motion tests the sufficiency of the complaint, *Gibson v. City of Chicago*, 910 F.2d

---

[3] Section 1429 provides that "no application for naturalization shall be considered by the Attorney General if there is pending against the applicant a removal proceeding pursuant to a warrant of arrest issued under the provisions of this chapter * * *." 8 U.S.C. § 1429.

1510, 1520 (7th Cir. 1990), while a Rule 12(b)(1) motion tests whether the Court has subject matter jurisdiction. *Long v. Shorebank Development Corp.,* 182 F.3d 548, 554 (7th Cir. 1999). In reviewing a motion to dismiss under either rule, the Court takes as true all factual allegations in Plaintiff's complaint and draws all reasonable inferences in her favor. *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007); *Long*, 182 F.3d at 554.

To survive a Rule 12(b)(6) motion to dismiss, the claim first must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief" (Fed. R. Civ. P. 8(a)(2)), such that the defendant is given "fair notice of what the * * * claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Second, the factual allegations in the claim must be sufficient to raise the possibility of relief above the "speculative level," assuming that all of the allegations in the complaint are true. *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "Detailed factual allegations" are not required, but the plaintiff must allege facts that, when "accepted as true, * * * 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* --- U.S. ----, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 550 U.S. at 563.

Surviving a Rule 12(b)(1) motion to dismiss is more difficult. *United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003). Federal courts are courts of limited jurisdiction; "they have only the power that is authorized by Article III of the Constitution and

the statutes enacted by Congress pursuant thereto." *Transit Express, Inc. v. Ettinger,* 246 F.3d 1018, 1023 (7th Cir. 2001). Pursuant to 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." The plaintiff bears the burden of establishing that a district court has proper jurisdiction of an action. *Transit Express*, 246 F.3d at 1023. A defendant arguing that the plaintiff has not met this burden with respect to an action may move for dismissal under Rule 12(b)(1).

### III. Analysis

Defendants seek dismissal of Plaintiff's complaint on two grounds. First, Defendants argue that this Court lacks subject matter jurisdiction of the case, warranting dismissal under Rule 12(b)(1). Second, Defendants argue that even if the Court had jurisdiction, the requested relief is statutorily barred, thus rendering Plaintiff's claim futile and subject to dismissal under Rule 12(b)(6). The Court addresses each argument in turn.

#### A. Rule 12(b)(1) Ground for Dismissal

Defendants argue that Plaintiff's claim must be dismissed because this Court lacks jurisdiction to review USCIS's denial of Plaintiff's naturalization application under 8 U.S.C. § 1447(b).

In 1990, Congress vested the Attorney General with sole authority to naturalize persons as U.S. citizens. 8 U.S.C. § 1421(a); see also *Borromeo Escaler v. U.S. Citizenship & Immigration Services*, 2007 WL 1975485, at *3 (S.D.N.Y. Jul. 6, 2007). Accordingly, when a person files a naturalization application with USCIS, a USCIS officer is required to examine the application, make a determination as to whether to grant or deny the application, and provide the reasons for that determination. See 8 U.S.C. § 1446 (establishing the procedural requirements

incumbent upon a USCIS officer in the adjudication of a naturalization application). As a general rule, a district court may intervene in the naturalization process in only two circumstances. See *Borromeo Escaler*, 2007 WL 1975485, at *3. First, if the USCIS officer fails to grant or deny the naturalization application within 120 days, then the applicant may seek recourse in district court pursuant to § 1447(b).[4] *Id.*; see also 8 U.S.C. § 1447(b). Second, if the USCIS officer denies the application and the denial is affirmed upon administrative appeal pursuant to § 1447(a), then the applicant may seek federal district court review of the denial pursuant to § 1421(c).[5] See *Borromeo Escaler*, 2007 WL 1975485, at *3; see also 8 U.S.C. § 1447(a); 8 U.S.C. § 1421(c).

Here, Plaintiff filed her naturalization application in 2007, and USCIS denied the application more than one year later. USCIS subsequently reopened Plaintiff's petition and rendered a new decision in May 2009. Plaintiff's complaint does not seek relief on the ground that more than 120 days without a decision had lapsed since she filed her application. See 8 U.S.C. § 1447(b). Nor did Plaintiff initiate her complaint prior to the issuance of the agency decision – in effect, invoking her rights under § 1447(b) to "a choice of forum for adjudicating long-pending applications." *Popnikolovski v. United States Dep't of Homeland Security*, --- F.

---

[4] Section 1447(b) confers jurisdiction on the district court to hold a hearing and make a determination on the naturalization application or remand the matter to USCIS with instructions if "there is a failure to make a determination under section 1446 of this title before the end of the 120-day period after the date on which the examination is conducted." 8 U.S.C. § 1447(b).

[5] Section 1421(c) states that "[a] person whose application for naturalization * * * is denied, after a hearing before an immigration officer under section 1447(a) of this Title, may seek review of such denial before the United States district court." 8 U.S.C. § 1421(c). The regulations implementing § 1421(c) provide that "[a] Service determination denying an application for naturalization * * * shall not be subject to judicial review until the applicant has exhausted those administrative remedies available to the application * * *." 8 C.F.R. § 336.9(d).

6

Supp. 2d ---, 2010 WL 2836698, at *6 (N.D. Ill. Jul. 14, 2010) (explaining Congress' policy objectives in passing § 1447(b)).

As stated above, § 1447(b) confers jurisdiction on a district court to make a determination itself on a naturalization application or remand the matter to USCIS with instructions, but Plaintiff points to no authority – nor has the Court found any – suggesting that a district court may exercise that authority *after* USCIS actually has rendered a determination, even if it did so after the 120 day period. In fact, the limited case law on point confirms that the right to seek a judicial determination belongs to the applicant, who has an "*option* to file suit in district court after the 120-day deadline has passed." *Id*. (emphasis added). That case law also indicates that the authority to issue a determination belongs either to the agency or to the courts, but not to both simultaneously. *Id*. (noting that "once a lawsuit has been filed pursuant to § 1447(b), the statute vests exclusive jurisdiction in the district court"). In other words, once the district court's jurisdiction under § 1447(b) is invoked, its jurisdiction is exclusive, but (correspondingly) until § 1447(b) comes into play at the applicant's election, the agency may act, even beyond the 120-day window. Given that the USCIS *did* issue a determination of Plaintiff's application prior to the filing of Plaintiff's action, this Court lacks jurisdiction to consider the application pursuant to § 1447(b).

Plaintiff's alternative request for leave to amend her complaint so that she can proceed under 8 U.S.C. § 1421(c) is premature because the administrative appeal of the denial of Plaintiff's naturalization application is still pending before USCIS. Should USCIS affirm the denial, Plaintiff may seek federal judicial review pursuant to § 1421(c). However, until USCIS reaches a decision, Plaintiff will not have exhausted her administrative remedies, and this Court therefore will not have jurisdiction to review the matter. See 8 U.S.C. § 1421(c); 8 C.F.R. §

7

336.9(d); see also *Borromeo Escaler*, 2007 WL 1975485, at *4; *Baez-Fernadnez v. INS*, 385 F. Supp. 2d 292, 294 (S.D.N.Y. 2005) (holding that a district court may only review the denial of a naturalization application after the denial has been affirmed on administrative appeal).

Because both of Plaintiff's arguments against dismissal fail, the Court must grant Defendants' motion to dismiss the case under Rule 12(b)(1). Nevertheless, the Court observes that although more than 18 months have elapsed since Plaintiff filed her administrative appeal and more than 15 months have elapsed since USCIS held a hearing on the appeal, USCIS has yet to issue a decision. Defendants submit that USCIS was statutorily barred from issuing a decision on Plaintiff's administrative appeal during the time that Plaintiff was in removal proceedings. The immigration court recently terminated removal proceedings in Plaintiff's favor (see below). Accordingly, USCIS now has a mandatory and nondiscretionary duty to adjudicate Plaintiff's naturalization application within a reasonable time. See *Hamandi v. Chertoff*, 550 F. Supp. 2d 46, 50 (D.D.C. 2008); *Palamarachouk v. Chertoff*, 568 F. Supp. 2d 460, 467 (D. Del. 2008). Defendants appear to be well aware of that obligation – indeed, in their sur-reply brief, Defendants state that USCIS "intends to act on the appeal as soon as the Court affirms that district court jurisdiction is lacking under 8 U.S.C. § 1447(b)." [20, at 2] In addition, Defendants acknowledge in their reply brief [16] that Plaintiff eventually may have a cause of action under the Administrative Procedures Act should USCIS fail to issue a decision on Plaintiff's administrative appeal in a timely fashion now that removal proceedings have been terminated in Plaintiff's favor.

### B. Rule 12(b)(6) Ground for Dismissal

Defendants also argue that Plaintiff's case should be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. In their July 2, 2010, motion to dismiss,

Defendants submitted that even if this Court had jurisdiction over the matter, § 1429 bars USCIS from taking any action on a pending naturalization application while the applicant is in removal proceedings, and the remedy that Plaintiff seeks is therefore statutorily unavailable.

On October 29, 2010, the immigration court – upon request from the immigration enforcement attorneys – terminated removal proceedings in Plaintiff's favor. In light of the termination of removal proceedings, Defendants now concede that § 1429 no longer bars USCIS from issuing a decision regarding Plaintiff's administrative appeal. Nonetheless, Defendants argue that dismissal is warranted under Rule 12(b)(6) because jurisdiction is not ripe under § 1421(c). Defendants' justiciability argument in favor of Rule 12(b)(6) dismissal is indistinguishable from its jurisdictional argument in favor of Rule 12(b)(1) dismissal. Because the Court has already determined that dismissal is warranted on jurisdictional grounds, the Court sees no reason to reach a determination on Defendants' alternative argument for dismissal under Rule 12(b)(6).

**IV. Conclusion**

For the reasons stated above, the Court grants Defendant's motion to dismiss [13] pursuant to Rule 12(b)(1) and dismisses Plaintiff's case without prejudice.

Dated: December 16, 2010  _____
Robert M. Dow, Jr.
United States District Judge